THE ATTORNEY GENERAL HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN OPINION REGARDING THE CONSTITUTIONALITY OF CERTAIN PROVISIONS OF THE OCCUPATION LICENSE APPLICATION (THE "APPLICATION") DISTRIBUTED BY THE OKLAHOMA HORSE RACING COMMISSION. AFTER STUDYING THE PROVISIONS IN THE APPLICATION WHICH YOU NOTED AND RESEARCHING THE ISSUES RAISED BY YOUR REQUEST, IT WOULD APPEAR BOTH POSSIBLE AND APPROPRIATE TO ANSWER YOUR REQUEST INFORMALLY.
THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS WHICH FOLLOW, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTIONS YOU HAVE RAISED.
THE FIRST PROVISION OF THE APPLICATION ABOUT WHICH YOU HAVE RAISED CONCERNS IS THE WORKERS' COMPENSATION ACT COMPLIANCE SECTION. THAT PROVISION SIMPLY REQUIRES THAT EACH APPLICANT DECLARE WHETHER HE HAS EMPLOYEES WHICH WOULD SUBJECT HIM TO LIABILITY FOR WORKERS' COMPENSATION; IF SO, THE APPLICANT IS REQUIRED TO PROVIDE INFORMATION WHICH VERIFIES THAT THE APPLICANT HAS WORKERS' COMPENSATION INSURANCE (OR HAS MADE OTHER LEGALLY SUFFICIENT ARRANGEMENTS FOR COVERAGE). THE OTHER AREA OF CONCERN IN THE APPLICATION, WHICH YOU NOTED IN YOUR REQUEST, IS THE FINAL PARAGRAPH THEREIN. THAT PARAGRAPH REQUIRES THAT APPLICANTS CONSENT TO ADMINISTRATIVE SEARCHES AND THAT APPLICANTS AUTHORIZE A BACKGROUND INVESTIGATION.
GENERAL AUTHORITY OF THE OKLAHOMA HORSE RACING COMMISSION (THE "COMMISSION") IS FOUND AT 3A O.S. 203 (1991), ET SEQ. TITLE 3A O.S. 203.7 (1991), PROVIDES:
 "IN THE INTEREST OF PUBLIC HEALTH, SAFETY, AND WELFARE, IT IS HEREBY DECLARED TO BE THE PURPOSE AND INTENT OF THE OKLAHOMA HORSE RACING ACT TO VEST IN THE COMMISSION PLENARY POWER TO PROMULGATE RULES AND REGULATIONS FOR THE FORCEFUL CONTROL OF RACE MEETINGS HELD IN THIS STATE. THE RULES AND REGULATIONS SHALL:
 1. ENCOURAGE AGRICULTURE AND THE BREEDING OF HORSES IN THIS STATE; AND
 2. MAINTAIN RACE MEETINGS HELD IN THIS STATE OF THE HIGHEST QUALITY AND FREE OF ANY HORSE RACING PRACTICES WHICH ARE CORRUPT, INCOMPETENT, DISHONEST, OR UNPRINCIPLED; AND
 3. DISSIPATE ANY CLOUD OF ASSOCIATION WITH THE UNDESIRABLE AND MAINTAIN THE APPEARANCE AS WELL AS THE FACT OF COMPLETE HONESTY AND INTEGRITY OF HORSE RACING IN THIS STATE; AND
4. GENERATE PUBLIC REVENUES."
TITLE 3A O.S. 204 (1992), PROVIDES, IN PART:
(TEXT OF THE STATUTE)
AS TO THE AUTHORITY OF THE LEGISLATURE TO REGULATE HORSE RACING IN GENERAL, THE OKLAHOMA SUPREME COURT HAS RULED "(T)HE RIGHT OF THE LEGISLATURE TO REGULATE OCCUPATIONS AND PROFESSIONS FOR THE PROTECTION OF THE LIVES, HEALTH, SAFETY AND WELFARE OF ITS PEOPLE IS UNQUESTIONED." SEMKE V. STATE EX REL. OKLAHOMA MOTOR VEHICLE COMMISSION, 465 P.2D 441, 445 (OKLA.1970). THIS INCLUDES THE AUTHORITY OF THE LEGISLATURE TO DEFINE AND DECLARE WHAT IS DEEMED TO BE INJURIOUS TO PUBLIC HEALTH, MORALS, SAFETY AND GENERAL WELFARE. ID. AT 445. THIS HAS BEEN SEEN TO UPHOLD LEGISLATIVE PROHIBITION OF OTHER GAMING ACTIVITIES IN THIS STATE. PRICKETT V. STATE, 201 P.2D 798 (OKL.CR.1949). EVERY PRESUMPTION IN FAVOR OF THE CONSTITUTIONALITY OF STATE REGULATION OF PRIVATE BUSINESS MUST BE GIVEN; HOWEVER, NO REGULATION OF BUSINESS BY THE LEGISLATURE WILL BE UPHELD THAT BEARS NO PERCEPTIBLE RELATION TO PUBLIC WELFARE. SEMKE AT 445. AND WHILE THE LEGISLATURE CANNOT DELEGATE ITS POLICY MAKING AUTHORITY, IT CAN GRANT TO AN AGENCY THE AUTHORITY TO ENFORCE THE LAW. DEMOCRATIC PARTY OF OKLAHOMA V. ESTEP, 652 P.2D 271 (OKLA.1982).
IT IS ALSO HELPFUL TO DISCUSS THE CONSTITUTIONALITY OF STATE REGULATION OF BUSINESS GENERALLY. ALTHOUGH THE UNITED STATES SUPREME COURT STRUGGLED IN THE EARLY PART OF THIS CENTURY TO DEFINE THE NATURE AND LIMITATIONS OF CONSTRAINTS PLACED UPON STATE REGULATION OF BUSINESSES BY THE UNITED STATES CONSTITUTION, SPECIFICALLY BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT, A CLEAR STANDARD IS NOW FIRMLY IN PLACE. IN NEBBIA V. NEW YORK, 291 U.S. 502, 54 S. CT. 505, 78 L.ED. 940 (1934), THE SUPREME COURT HELD THAT A CHALLENGE TO A STATE ECONOMIC REGULATION WOULD SUCCEED ONLY IF IT COULD BE DEMONSTRATED THAT THE REGULATION IN QUESTION WAS UNREASONABLE, ARBITRARY, OR CAPRICIOUS, AND THE MEANS SELECTED HAD NO REAL NOR SUBSTANTIAL RELATION TO THE OBJECT SOUGHT.
THE NEBBIA STANDARD HAS BEEN ENDORSED BY THE UNITED STATES SUPREME COURT IN HUNDREDS OF CASES SINCE 1934. IN FACT, NOT SINCE 1937 HAS THE SUPREME COURT STRUCK DOWN ECONOMIC LEGISLATION AS VIOLATIVE OF DUE PROCESS. THIS SAME STANDARD HAS BEEN ACCEPTED BY THE OKLAHOMA SUPREME COURT IN FIFTY OR MORE CASES SINCE THE 1930'S.1 WITH THIS STANDARD IN MIND, THEN, IT IS POSSIBLE TO DISCUSS SOME OF THE FACTORS A COURT IN REVIEW WOULD CONSIDER IN THIS REGARD.
EACH OF THE PROVISIONS IN THE APPLICATION WERE INCLUDED PURSUANT TO RULES PROMULGATED BY THE COMMISSION UNDER THE ADMINISTRATIVE PROCEDURES ACT, 75 O.S. 1991, 250 ET SEQ. (THE "APA"). UNDER THE APA, ADMINISTRATIVE RULES WHICH ARE PROPERLY PROMULGATED BY AN ADMINISTRATIVE AGENCY ARE GIVEN THE FORCE AND EFFECT OF LAW. 75 O.S. 308.2(C) (1991). SEE ALSO TEXAS OKLAHOMA EXPRESS V. SORENSON, 652 P.2D 285 (OKLA.1985).
I SHOULD NOTE HERE THAT I HAVE ASSUMED, FOR THE PURPOSES OF THIS DISCUSSION, THAT IT IS NOT NECESSARY TO ADDRESS THE CONSTITUTIONALITY OF THE GENERAL REQUIREMENT THAT EMPLOYERS PROVIDE WORKERS' COMPENSATION INSURANCE TO THEIR EMPLOYEES. (SEE 85 O.S. 1 ET SEQ.) ONCE IT IS ACCEPTED THAT EMPLOYERS ARE REQUIRED BY LAW TO OBTAIN SUCH INSURANCE COVERAGE, THE REQUIREMENT IN THE APPLICATION CAN BE VIEWED MERELY AS A REQUIREMENT THAT THE APPLICANT STATE WHETHER OR NOT THAT LAW APPLIES TO THE APPLICANT, AND IF SO, WHETHER OR NOT THE APPLICANT HAS COMPLIED WITH OKLAHOMA LAW IN THIS REGARD.
3A O.S. 204 OF THE OKLAHOMA HORSE RACING ACT GRANTS THE COMMISSION AUTHORITY TO SUPERVISE ALL OCCUPATION AND ORGANIZATION LICENSEES IN THIS STATE AS WELL AS ALL PERSONS ON THE PROPERTY OF AN ORGANIZATION LICENSEE. FURTHER, THE COMMISSION HAS THE AUTHORITY TO REFUSE TO GRANT A LICENSE TO ANY PERSON WHO VIOLATES, AMONG OTHER THINGS, STATE LAW. 3A O.S. 204.2 (1992). IT WOULD SEEM QUITE UNLIKELY THAT THIS REQUIREMENT COULD BE VIEWED AS UNREASONABLE, ARBITRARY, OR CAPRICIOUS IN THE REGULATION OF A SPORT SUCH AS RACING IN WHICH THERE IS INHERENT DANGER AND POTENTIAL FOR LIABILITY. A COURT WOULD HAVE TO DETERMINE IF THIS REQUIREMENT HAS A REAL AND SUBSTANTIAL RELATION TO THE END SOUGHT. IN THAT THE OKLAHOMA HORSE RACING ACT GRANTS THE COMMISSION "FORCEFUL CONTROL OF RACE MEETINGS HELD IN THIS STATE" (3A O.S. 203.7), AND SINCE IT HAS BEEN DETERMINED BY THE COMMISSION THAT THIS IS A NECESSARY AND MINIMALLY INTRUSIVE WAY TO ENSURE COMPLIANCE, THIS PARAGRAPH APPEARS REASONABLE AND BEARS A SUBSTANTIAL RELATIONSHIP TO THE OBJECT SOUGHT. NEBBIA, 54 S.CT. AT 511-512. FURTHERMORE, THIS PROVISION APPEARS DIRECTLY RELATED TO THE STATE'S GOAL OF ENSURING WORKERS' COMPENSATION COVERAGE WHERE MANDATED. THE PARAGRAPH IN QUESTION CREATES NO ADDITIONAL BURDEN OR REQUIREMENTS ON APPLICANTS. IT MERELY REQUIRES DISCLOSURE OF COMPLIANCE PRIOR TO THE GRANT OF A LICENSE TO DO BUSINESS IN A HEAVILY REGULATED AREA. ADDITIONAL RESEARCH INDICATES THAT OTHER REGULATORY BODIES AND EVEN INDIVIDUAL RACETRACK OWNERS AROUND THE COUNTRY HAVE CHOSEN TO EMPLOY THE SAME REQUIREMENT.
IN THE FINAL PARAGRAPH OF THE APPLICATION, THE APPLICANT ALSO MUST AUTHORIZE A BACKGROUND CHECK. THIS PROVISION WAS DEEMED NECESSARY BY THE COMMISSION, AS IT IS BY SOME OTHER REGULATING BODIES, IN ORDER TO ENSURE THE BACKGROUND OF INDIVIDUALS WHO ARE TO BE GIVEN THE STAMP OF STATE APPROVAL TO ENGAGE IN AN OCCUPATION. THE COMMISSION HAS BEEN CHARGED WITH THE RESPONSIBILITY TO REGULATE HORSE RACING IN A WAY WHICH WILL PROTECT THE PUBLIC. SECTION 204 GRANTS THE COMMISSION SUPERVISION OF ALL PERSONS ON THE PROPERTY OF AN ORGANIZATION LICENSEE. SECTION 203.7 CHARGES THE COMMISSION WITH THE DUTY TO MAINTAIN THE INTEGRITY OF HORSE RACING IN THIS STATE. REQUIRING THAT APPLICANTS SUBMIT TO A BACKGROUND CHECK DOES NOT SEEM AN UNREASONABLE, ARBITRARY, OR CAPRICIOUS REQUIREMENT, ESPECIALLY IN A SPORT LIKE HORSE RACING IN WHICH LITERALLY MILLIONS OF DOLLARS CHANGE HANDS IN A DAY. A BACKGROUND CHECK WOULD APPEAR TO BE AN APPROPRIATE METHOD BY WHICH TO ACCOMPLISH THE DESIRED END: DISCOVERING BACKGROUND INFORMATION WHICH MIGHT SUGGEST THAT AN INDIVIDUAL IS NOT AN APPROPRIATE CANDIDATE FOR LICENSURE BECAUSE HE REPRESENTS A THREAT TO THE PUBLIC.
FINALLY, THERE IS THE REQUIREMENT THAT AN APPLICANT CONSENT TO A SEARCH WHERE SUCH A SEARCH IS PROVIDED FOR BY LAW OR REGULATION. THE ACTUAL WORDING OF THAT PROVISION IS AS FOLLOWS:
 "I AGREE TO COMPLY WITH THE RULES AND REGULATIONS OF THE OKLAHOMA HORSE RACING COMMISSION, THE LAWS OF THE UNITED STATES OF AMERICA, THE STATE OF OKLAHOMA, MUNICIPALITIES AND OTHER SUBDIVISIONS THEREOF, AND CONSENT TO ANY PROVISIONS WHICH MAY BE CONTAINED IN THEM FOR SEARCH, WITHIN THE ENCLOSURE OF AN ORGANIZATION LICENSEE, OF ANY PREMISE WHICH I MAY OCCUPY OR CONTROL OR HAVE A RIGHT TO OCCUPY OR CONTROL AND ANY PERSONAL PROPERTY AND EFFECTS INCLUDING A PERSONAL SEARCH, AND THE SEIZURE OF ANY ARTICLE, THE HAVING OF WHICH WITHIN SUCH ENCLOSURE MAY BE FORBIDDEN BY LAW OR COMMISSION OR RACETRACK RULE OR REGULATION."
THE ABILITY TO PERFORM THE TYPE OF SEARCH PERMITTED BY THIS WAIVER IS A NECESSARY PART OF THE HORSE RACING COMMISSION'S DUTY TO ENSURE THE INTEGRITY OF PARI-MUTUAL HORSE RACING. HORSE RACING IS A SPORT WHICH IS EASILY FIXED AT MANY DIFFERENT LEVELS, FROM THE PERSON HAULING THE HORSE INTO THE RACETRACK ENCLOSURE ALL THE WAY TO THE JOCKEY WHO RIDES THE HORSE DURING THE RACE. THIS JUSTIFICATION ARGUES AGAINST A FINDING THAT THE REQUIREMENT OF A SEARCH WAIVER IS, ON ITS FACE, UNREASONABLE, ARBITRARY OR CAPRICIOUS.
THE SEARCH TO WHICH THE APPLICANT MUST CONSENT IS ALSO STRICTLY LIMITED TO THE EXTENT NECESSARY TO HELP PREVENT RACE FIXING. THE SEARCHES PERMITTED BY THE WAIVER ARE LIMITED TO THE CONFINES OF THE ENCLOSURE AND THE APPLICANT'S IMMEDIATE EFFECTS AND HIS PERSON. ADDITIONALLY, THE SEARCH IS LIMITED TO A SEARCH FOR ARTICLES WHICH ARE FORBIDDEN BY LAW, RULE, OR REGULATION FROM BEING IN THE ENCLOSURE. CERTAINLY A SEARCH FOR PROHIBITED ARTICLES, WITHIN THE ENCLOSURES, IS REASONABLY RELATED TO THE EFFORT AND DUTY TO HELP PREVENT RACE FIXING.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT EACH OF THE PROVISIONS OF THE OCCUPATION LICENSING APPLICATION WHICH YOU NOTED IN YOUR REQUEST WOULD BE UPHELD AS CONSTITUTIONAL.
(JAMES ROBERT JOHNSON)